DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Timothy Graulich
James I. McClammy
Stephen D. Piraino (*pro hac vice* pending)

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GRUPO AEROMÉXICO, S.A.B. de C.V.,** *et al.*, | **Case No. 20-11563 (_)** |
| | **(Joint Administration Pending)** |
| **Debtors.**[1] | |

**DEBTORS' MOTION FOR AN ORDER (I) EXTENDING THE TIME TO
FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES
OF CURRENT INCOME AND EXPENDITURES, SCHEDULES
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND STATEMENTS OF FINANCIAL AFFAIRS AND
(II) WAIVING THE REQUIREMENTS TO FILE EQUITY LISTS
AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS**

Grupo Aeroméxico, S.A.B. de C.V. ("**Grupo Aeroméxico**") and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"; the Debtors collectively with their direct and indirect non-Debtor subsidiaries, the "**Company**" or "**Aeroméxico**") hereby move (this "**Motion**") this Court (as defined herein) for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de Mexéco, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

"**Order**"), granting the relief described below. In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Ricardo Javier Sánchez Baker in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Sánchez Declaration**") and further represent as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4.     The Debtors and their direct and indirect subsidiaries constitute the largest airline in Mexico and are collectively known as Mexico's "global airline," providing public air carrier services for passengers and goods (including fleet and cargo services) in and outside of Mexico, and services related to such air operations. The Debtors are one of the four founding members of the SkyTeam airline alliance, and their businesses include Aeroméxico, Aeroméxico Connect, Aeroméxico Cargo and Aeroméxico Servicios. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness and the events leading up to the Petition Date can be found in the Sánchez Declaration, filed contemporaneously herewith.

## Relief Requested

5.     Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file their (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) schedules of executory contracts and unexpired leases and (d) statements of financial affairs (collectively, the "**Schedules**") within 14 days after the Petition Date.

6.     Similarly, under Bankruptcy Rule 1007(a)(3), the Debtors are required to file a list of equity security holders for each Debtor (the "**Equity Lists**") within 14 days after the Petition Date. Under Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, the Debtors are required to give notice of the order for relief to all equity security holders.

7.     By this Motion, and pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 2002, the Debtors seek entry of the Order, substantially in the form attached hereto, (a) extending the 14-day period to file the Schedules for an additional 20 days, without prejudice to the Debtors' ability to request additional time

should it become necessary, and (b) waiving the requirement to file the Equity Lists and the requirement to give notice of the order for relief to all equity security holders of the Debtors.

### Cause Exists to Extend the Time to File the Schedules

8. On the Petition Date, the Debtors filed with this Court a list of creditors holding the five largest secured claims against the Debtors' estates on a consolidated basis and a list of creditors holding the 30 largest unsecured claims against the Debtors' estates on a consolidated basis.

9. Due to the complexity of their operations, the overwhelming number of contracts to which the Debtors are party and the numerous other matters that the Debtors must attend to in connection with filing these cases, the Debtors anticipate that they will be unable to complete the Schedules for the five Debtor entities in the 14 days provided under Bankruptcy Rule 1007(c).

10. To prepare their Schedules, the Debtors must compile information from books, records and documents relating to potentially tens of thousands of claims, assets and contracts. This information is voluminous and is located in numerous places throughout the Debtors' organization. Collection of the necessary information requires an enormous expenditure of time and effort on the part of the Debtors and their employees. Additionally, because all invoices related to prepetition goods and services have not yet been received and/or entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the required information to prepare the Schedules.

11. Unavoidably, the Debtors' primary focus has been on preparing these complex cases for filing and reacting to the events surrounding the filing. While the

Debtors, with the help of their professional advisors, are mobilizing their employees to work diligently and expeditiously on the preparation of the Schedules, resources are strained. Not only have the same employees with the expertise to complete the Schedules been diligently preparing for the chapter 11 filing, they have also been occupied by numerous other restructuring-related work streams.

12.    In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors will not be able to properly and accurately complete the Schedules within the required 14-day time period.

13.    At present, the Debtors anticipate that they will require at least 20 additional days to complete their Schedules. The Debtors therefore request that the Court extend the 14-day period for an additional 20 days, through August 3, 2020, without prejudice to the Debtors' right to seek further extensions. The Debtors also request that they be permitted to seek any further extension by notice of presentment on five days' notice to the parties required to be served under any case management orders entered in these cases, and that in such event (i) the deadline for the Debtors to file their Schedules then be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (ii) the Debtors be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

14.    This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules,

statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . trustee, examiner, or other party as the court may direct."

15. The Debtors submit that the large amount of information that must be assembled and compiled, the multiple places where the information is located and the potentially hundreds of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested extension of time. In addition, employee efforts during the initial postpetition period are critical, and the Debtors must devote their time and attention to business operations to maximize the value of the Debtors' estates during the first critical months.

16. Relief similar to that requested herein has been granted by courts in this jurisdiction in other chapter 11 cases. *See, e.g.*, *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (Bankr. S.D.N.Y. May 29, 2020) [Docket No. 75]; *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) [Docket No. 44]; *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) [Docket No. 54]; *In re Synergy Pharmaceuticals Inc.*, Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 14, 2018) [Docket No. 55]; *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) [Docket No. 109]; *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y Feb. 26, 2018) [Docket No. 70]; *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) [Docket No. 143]; *In re The Great Atl. & Pac. Tea Co.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. July 21, 2015) [Docket No. 66].

17. Accordingly, in view of the size and complexity of the Debtors' cases, the amount of information that must be assembled and compiled, the location of the

information and the significant amount of employee time that must be devoted to complete the Schedules, the Debtors submit that ample cause exists for the requested extension.

## Cause Exists to Waive the Requirement to File the Equity Lists and Provide Notice to Equity Security Holders

18. Grupo Aeroméxico is a public company and, as of December 31, 2019, had issued and outstanding approximately 682,119,793 shares of publicly held common stock. Each of the other Debtors has disclosed each of its equity security holders in the corporate ownership statements filed with their respective petitions. The Debtors submit that preparing a list of Grupo Aeroméxico's equity security holders with last known addresses and sending notices to all parties on that Equity Lists would be extremely expensive and time-consuming. The Debtors further submit that, to the extent it is determined that equity security holders are entitled to distributions from the Debtors' estates, those parties will be provided with notice of the bar date and will then have an opportunity to assert their interests. Thus, equity security holders will not be prejudiced.

19. In addition, the Debtors propose to publish, as soon as practicable after the commencement of these chapter 11 cases, the Notice of Commencement in the national edition of *The Wall Street Journal*, *The New York Times* and *El Economista*. The Debtors are confident that these publications, coupled with the international attention these filings will surely receive, will most likely reach the equity security holders.

20. Similar relief has been granted in this jurisdiction in other large chapter 11 cases. *See, e.g.*, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) [Docket No. 44]; *In re Cenveo Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 42]; *In re Cumulus Media Inc.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Dec. 1, 2017) [Docket No. 46]; *In re Republic Airways Holdings*

*Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) [Docket No. 49]; *In re Pinnacle Airlines Corp.*, Case No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 3, 2012) [Docket No. 41].

21. In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity Lists and the requirement under Bankruptcy Rule 2002(d) to send notice of the order for relief to all equity security holders of Grupo Aeroméxico.

22. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that the relief requested is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## Notice

23. Notice of this Motion will be provided to (a) the U.S. Trustee, (b) each of the Debtors' 30 largest unsecured creditors on a consolidated basis, (c) each of the Debtors' five largest secured creditors on a consolidated basis, (d) the Internal Revenue Service, (e) the United States Attorney's Office for the Southern District of New York, (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). A copy of this Motion and any order approving it will also be made available on the Debtors' Case Information Website located at https://dm.epiq11.com/aeromexico. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **No Previous Request**

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed forms of order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 30, 2020

DAVIS POLK & WARDWELL LLP

By: */s/ Timothy Graulich*

450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
Fax: (212) 607-7983
Marshall S. Huebner
Timothy Graulich
Stephen D. Piraino (*pro hac vice* pending)

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GRUPO AEROMÉXICO, S.A.B. de C.V.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-11563 (_)<br><br>(Joint Administration Pending) |

**ORDER (I) EXTENDING THE TIME
TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS AND
(II) WAIVING THE REQUIREMENTS TO FILE EQUITY LISTS
AND PROVIDE NOTICE TO EQUITY SECURITY HOLDERS**

Upon the motion (the "**Motion**")[2] of Grupo Aeroméxico, S.A.B. de C.V. and its affiliates that are debtors and debtors in possession in these cases (collectively, the "**Debtors**") for an order pursuant to sections 105(a) and 521 of the Bankruptcy Code, and Bankruptcy Rules 1007 and 2002(d) (i) granting an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) schedules of executory contracts and unexpired leases and (d) statements of financial affairs (collectively, the "**Schedules**") and (ii) waiving the requirements to file lists of equity security holders of the Debtors (the "**Equity Lists**") and provide notice of the order for relief to such equity security holders, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

---

[1] The Debtors in these cases, along with each Debtor's registration number in the applicable jurisdiction, are as follows: Grupo Aeroméxico, S.A.B. de C.V. 286676; Aerovías de México, S.A. de C.V. 108984; Aerolitoral, S.A. de C.V. 217315; Aerovías Empresa de Cargo, S.A. de C.V. 437094-1. The Debtors' corporate headquarters is located at Paseo de la Reforma No. 243, piso 25 Colonia Cuauhtémoc, Mexico City, C.P. 06500.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the Sánchez Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

    1.    The relief requested in the Motion is hereby granted on a final basis as set forth herein.

    2.    Pursuant to sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the time in which the Debtors shall file their Schedules is extended for an additional 20 days, through August 3, 2020, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

    3.    The Debtors are hereby permitted to seek any further extension by notice of presentment on five days' notice to the parties required to be served under any case

management orders entered in these cases, and that in such event (i) the deadline for the Debtors to file their Schedules shall be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (ii) the Debtors shall be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

4. The requirement under Bankruptcy Rule 1007(a)(3) to file Equity Lists is hereby waived.

5. The requirement under Bankruptcy Rule 2002(d) to give notice to all equity holders of the Debtors of the orders for relief is hereby waived.

6. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

Dated: New York, New York
_____, 2020

                          _____
                          UNITED STATES BANKRUPTCY JUDGE